IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HARVEY FREEMAN,                                    08-CV-377-BR

       Plaintiff,                               OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


MERRILL SCHNEIDER
Schneider Law Offices
14415 S.E. Stark St.
Portland, Oregon  97292
(503) 255-9092

       Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
ADRIAN BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1  -  OPINION AND ORDER

**DAVID MORADO**
Office of the General Counsel
**DAVID M. BLUME**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2545

       Attorneys for Defendant


**BROWN, Judge.**

    Plaintiff Harvey Freeman seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

    Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

    Plaintiff filed his applications for DIB and SSI on September 21, 2001, alleging an onset date of May 8, 2001. Tr. 112-14, 366-68.[1]  The applications were denied initially and

---

    [1] Citations to the official transcript of record filed by the Commissioner on June 25, 2008, are referred to as "Tr."

2  -  OPINION AND ORDER

on reconsideration.  Tr. 28-29, 44, 51, 369-77.  An
Administrative Law Judge (ALJ) held a hearing on May 20, 2003.
At the hearing, Plaintiff requested permission to amend his
claims to request a closed period of disability from May 1, 2001,
to June 16, 2003.  Tr. 384.  The ALJ granted Plaintiff's request
and continued the hearing to September 2, 2003, for the purpose
of supplementing the record.  Tr. 63, 77.  Plaintiff was
represented by an attorney at both hearings.  Plaintiff and a
medical expert (ME) testified at the May 20, 2003, hearing.  A
vocational expert (VE) testified at the September 2, 2003,
hearing.

     On December 19, 2003, the ALJ issued an opinion in which he
found Plaintiff is not disabled.  Tr. 30-39.  On January 5, 2006,
the Appeals Council vacated the ALJ's opinion and remanded the
matter for further proceedings.  Tr. 96-98.

     A different ALJ held a third hearing on May 9, 2006.
Tr. 100.  At the hearing, Plaintiff was represented by an
attorney.  Plaintiff and a VE testified at the hearing.  The ALJ
issued an opinion on December 20, 2006, in which he also found
Plaintiff is not disabled and, therefore, is not entitled to
benefits.  That decision became the final decision of the
Commissioner on January 22, 2008, when the Appeals Council denied
Plaintiff's request for review.  Tr. 5.

## BACKGROUND

Plaintiff was 52 years old at the time of the first hearing. Tr. 382.  He has a high-school education.  Tr. 425.  Plaintiff previously worked as a store clerk, cook, auto-body repair worker, and electrical-warehouse worker.  Tr. 134, 165.

Except when noted below, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 22-26.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.

42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, *i.e.*, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

5  -  OPINION AND ORDER

2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknow-ledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must determine the claimant's residual functional capacity (RFC), which "is an assessment of the sustained, work-related physical and mental activities" that the claimant can still do "on a

regular and continuing basis" despite his limitations.   20 C.F.R.
§ 404.1520(e).   *See also* Soc. Sec. Ruling (SSR) 96-8p.   A
'regular and continuing basis' means eight hours a day, for 5
days a week, or an equivalent schedule."   SSR 96-8p, at *1.   In
other words, the Social Security Act does not require complete
incapacity to be disabled.   *Smolen v. Chater*, 80 F.3d 1273, 1284
n.7 (9th Cir. 1996).   The assessment of a claimant's RFC is at
the heart of Steps Four and Five of the sequential analysis
engaged in by the ALJ when determining whether a claimant can
still work despite severe medical impairments.   An improper
evaluation of the claimant's ability to perform specific work-
related functions "could make the difference between a finding of
'disabled' and 'not disabled.'"   SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past.   *Stout*, 454 F.3d at 1052.   *See also*
20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.   *Stout*, 454 F.3d at 1052.   *See also*
20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).   Here the
burden shifts to the Commissioner to show a significant number of
jobs exist in the national economy that the claimant can do.
*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).   The

7   -   OPINION AND ORDER

Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff did not engage in substantial gainful activity from May 1, 2001, to June 16, 2003, which is the period at issue.

At Step Two, the ALJ found Plaintiff has the severe impairments of seizure disorder and substance-addiction disorder and the nonsevere impairments of depression and conversion disorder.

At Step Three, the ALJ found Plaintiff does not have an impairment or a combination of impairments that meets or equals a Listing.  The ALJ assessed Plaintiff's RFC and found he is precluded from working at heights or with moving machinery and is limited to occasional interaction with the public or with co-workers.

At Step Four, the ALJ found Plaintiff can perform his past relevant work as a cook.  Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits.

## **DISCUSSION**

Plaintiff contends the ALJ erred when he (1) failed to comply with the January 5, 2006, Appeals Council Remand Order; (2) found at Step Two that Plaintiff's depression and conversion disorder are not severe impairments; and (3) rejected the opinion of Shawn Blanchard, M.D.

## I. **Appeals Council Remand Order.**

Plaintiff contends the ALJ erred when he failed to comply with the January 5, 2006, Appeals Council Remand Order.  On remand from the Appeals Council, the ALJ must "take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order."  20 C.F.R. § 404.977(b).  *See also Bindner v. Astrue*, No. 07-00995, 2008 WL 2557480, at *1 (C.D. Cal. June 23, 2008).

In his December 19, 2003, opinion, the ALJ stated Plaintiff's "past relevant work was as a cook at the sedentary, unskilled level."  The Appeals Council determined this finding was insufficient and ordered the ALJ to "make findings of fact with respect to the exertional and nonexertional requirements of any work found to be past relevant work."  Accordingly, at Step Four of his December 20, 2006, opinion, the ALJ made findings regarding the exertional and nonexertional requirements of Plaintiff's past relevant work.  As noted, Plaintiff performed

9  -  OPINION AND ORDER

past relevant work as a cook, electrical-warehouse worker, and auto-body repair worker.  Tr. 26.  Based on the testimony of the VE, the ALJ found Plaintiff's past relevant work as a cook "is rated at the medium and skilled (SVP 5) levels" and Plaintiff's past relevant work as an electrical-warehouse worker and auto-body repair worker were at the medium skilled/semi-skilled level. Tr. 27.  In addition, the ALJ found Plaintiff had nonexertional limitations that precluded him from working at heights, working with machinery, and having more than limited contact with the public.  The ALJ concluded these limitations would prevent Plaintiff from performing his past relevant work as an electrical-warehouse worker and auto-body repair worker.  The ALJ, however, concluded these limitations would not prevent Plaintiff from performing his past relevant work as a cook.

On this record, the Court concludes the ALJ complied with the Appeals Council's Remand Order.

## II.   Assessment of the severity of Plaintiff's depression and conversion disorder at Step Two.

Plaintiff contends the ALJ erred when he did not find at Step Two that Plaintiff's depression and conversion disorder are severe impairments.

A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a).  *See also Ukolov*, 420 F.3d at 1003.  The ability to do basic work activities is defined as "the abilities

10  -  OPINION AND ORDER

and aptitudes necessary to do most jobs."  20 C.F.R.
§§ 404.1521(a), (b).  Such abilities and aptitudes include
walking, standing, sitting, lifting, pushing, pulling, reaching,
carrying, handling, seeing, hearing, and speaking; understanding,
carrying out, and remembering simple instructions; using
judgment; responding appropriately to supervisors, co-workers,
and to usual work situations; and dealing with changes in a
routine work setting.  *Id.*

    The Step Two threshold is low.  "[A]n impairment can be
considered as not severe only if it is a slight abnormality which
has such a minimal effect on the individual that it would not be
expected to interfere with the individual's ability to
work . . . .  [T]he severity regulation is to do no more than
allow the Secretary to deny benefits summarily to those
applicants with impairments of a minimal nature which could never
prevent a person from working."  SSR 85-28, at *2 (Nov. 30,
1984)(internal quotations omitted).  The Ninth Circuit describes
Step Two as a "*de minimus* screening device to dispose of
groundless claims."  *Smolen*, 80 F.3d at 1290.  *See also Webb v.
Barnhart*, 433 F.3d 683, 686-88 (9th Cir. 2005).  "Great care
should be exercised in applying the not severe impairment
concept."  SSR 85-28, at *4.

    **A.  Depression.**

    The ALJ found Plaintiff's depression was not a severe

11  -  OPINION AND ORDER

impairment based on the treatment notes of examining physicians Gajanan Nilaver, M.D., and Caleb Burns, Ph.D., and the findings of reviewing physicians Bill Hennings, Ph.D, and Peter LeBray, Ph.D. In concluding Plaintiff's depression was not a severe impairment, the ALJ rejected the opinions of Dr. Blanchard and Counselor Christian Wolff, M.A., L.P.A.

### 1. Dr. Blanchard.

Dr. Blanchard, one of Plaintiff's treating physicians, noted Plaintiff was experiencing moderate depressive symptoms on April 16, 2001, and diagnosed Plaintiff with polysubstance abuse. Tr. 253. On June 6, 2003, Dr. Blanchard completed a psychiatric review technique (PRT) form in which he opined Plaintiff suffers from depression. Tr. 348-49. Dr. Blanchard found all of Plaintiff's impairments caused him to have moderate limitations in his ability to understand and to remember detailed instructions, to carry out simple instructions, to make simple work-related decisions, to ask questions or to request assistance, and to be aware of normal hazards and take appropriate precautions. Tr. 328-29. Dr. Blanchard also found all of Plaintiff's impairments caused him to have marked limitations in his ability to carry out detailed instructions, to maintain attention and concentration for extended periods, to perform activities within a schedule and to be punctual within customary tolerances, to sustain an ordinary routine without

special supervision, to work in coordination with or proximity to others without being distracted by them, to complete a normal workday and workweek without interruption, to interact appropriately with the general public, to travel in unfamiliar places and to use public transportation, and to set realistic goals or to make plans independently of others.  Tr. 328-29. Dr. Blanchard's opinion as to the severity of Plaintiff's depression, however, is not consistent with the opinions of Drs. Nilaver, Hennings, LeBray, or Burns.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.*

at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

As noted, the ALJ rejected the opinion of Dr. Blanchard on the ground that his opinion is not consistent with the medical record.  For example, the record does not reflect Plaintiff had four or more episodes of decompensation over the course of a year as reported by Dr. Blanchard.  On June 25, 2002, Martin Kehrli, M.D., a reviewing physician, opined Plaintiff did not have any severe psychological impairments.  Tr. 305-13.  Dr. Nilaver, an examining neurologist, initially examined Plaintiff at the request of DDS[2] on September 21, 2001, to evaluate Plaintiff's seizure disorder.  Tr. 280.  After his evaluation, Dr. Nilaver continued to see Plaintiff for treatment of his seizure disorder.  In a September 27, 2001, treatment note, Dr. Nilaver concluded Plaintiff does not have any characteristics of depression.  Tr. 280.

---

[2] Disability Determination Services (DDS) is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

14  -  OPINION AND ORDER

At the request of DDS, Dr. Burns conducted a
psychological evaluation of Plaintiff on October 18, 2001.
Tr. 226.  Dr. Burns found Plaintiff was experiencing a mild to
moderate level of emotional distress characterized by tension,
anxiety, and dysphoria, which results in irritability and
frustration.  Tr. 237.  Dr. Burns diagnosed Plaintiff with mild
depressive disorder, "not otherwise specified," and
substance-abuse disorder.  Tr. 238.  He did not, however, find
any severe psychological limitations.  Tr. 238.  Drs. Hennings
and LeBray, reviewing physicians who performed evaluations at the
request of DDS on March 19, 2002, and June 21, 2002, also found
Plaintiff's depression is not a severe impairment.

The ALJ also gave little weight to the opinion of
Dr. Blanchard on the ground that his opinions are conclusory.
"The ALJ need not accept the opinion of any physician, including
a treating physician, if that opinion is brief, conclusory, and
inadequately supported by clinical findings."  *Thomas*, 278 F.3d
at 957.  Dr. Blanchard's November 21, 2002, and June 6, 2003,
opinions as to Plaintiff's limitations are in a "check-the-box"
format.  Tr. 328-29, 345-50.  In fact, one of the June 6, 2003,
forms was prepared by Plaintiff's attorney and required only
"yes" or "no" responses from Dr. Blanchard.  Tr. 345-47.  Thus,
Dr. Blanchard did not provide a sufficient basis for his
conclusions as to Plaintiff's limitations.

15  -  OPINION AND ORDER

**2.    Counselor Wolff.**

On May 19, 2003, Counselor Wolff completed a form prepared by Plaintiff's attorney in which he stated Plaintiff suffers from depression.  Tr. 352.  Counselor Wolff found Plaintiff has marked limitations in activities of daily living and marked-to-extreme limitations in maintaining social functioning, concentration, persistence, and pace because of his impairments.  Tr. 354.  Counselor Wolff also opined Plaintiff's impairments would interfere with employment.  Tr. 352.

The ALJ rejected Counselor Wolff's diagnosis as to Plaintiff's depression because a counselor is a "nonacceptable medical source."  SSR 06-03p.  A "nonacceptable medical source" cannot establish the existence of a medically determinable impairment.  *See* SSR 06-03p.  *See also* 20 C.F.R. §§ 404.1513(a), 416.913(a).  After an impairment is established by an acceptable medical source, however, a nonacceptable medical source "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function."  *See* SSR 06-03p. *See also* 20 C.F.R. §§ 404.1513(a), 416.913(a).

The ALJ found Counselor Wolff's evaluation of the severity of Plaintiff's depression is not consistent with the opinion of Dr. Nilaver, who found Plaintiff did not have any characteristics of depression, and the opinions of Drs. Hennings,

16  -  OPINION AND ORDER

LeBray, and Burns, who found Plaintiff's depression is not severe
and only mildly limiting.

As noted, the ALJ is responsible for resolving
conflicts in the medical evidence. *Edlund v. Massanari*, 253 F.3d
1152, 1156 (9th Cir. 2001).  The ALJ's decision must be upheld
even if the evidence is susceptible to more than one rational
interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.
2005).  Here the medical record supports the ALJ's conclusion
that Plaintiff's depression is not a severe impairment.
Accordingly, the ALJ's conclusion that Plaintiff's depression is
not a severe impairment must be upheld.

In summary, the Court concludes on this record that the ALJ
did not err when he found at Step Two that Plaintiff's depression
is not a severe impairment because the ALJ provided legally
sufficient reasons supported by the record for doing so.

**B.    Conversion disorder.**

The ALJ rejected the opinions of Drs. Blanchard and Nilaver
as to the severity of Plaintiff's conversion disorder on the
grounds that, among other things, their opinions were conclusory
and inconsistent with the remainder of the medical record.

On November 21, 2002, Dr. Blanchard completed a mental RFC
on Plaintiff at the request of Plaintiff's counsel.  Tr. 328-29.
As noted, Dr. Blanchard found Plaintiff has moderate limitations

in his ability to understand and to remember detailed
instructions, to carry out simple instructions, to make simple
work-related decisions, to ask questions or to request
assistance, and to be aware of normal hazards and to take
appropriate precautions.  Tr. 328-29.  Dr. Blanchard also found
Plaintiff has marked limitations in his ability to carry out
detailed instructions, to maintain attention and concentration
for extended periods, to perform activities within a schedule, to
be punctual within customary tolerances, to sustain an ordinary
routine without special supervision, to work in coordination with
or proximity to others without being distracted by them, to
complete a normal workday and workweek without interruption, to
interact appropriately with the general public, to travel in
unfamiliar places, to use public transportation, and to set
realistic goals or to make plans independently of others.
Tr. 328-29.

     In addition, Dr. Blanchard indicated on a form provided by
Plaintiff's attorney dated June 6, 2003, that Plaintiff was
occupationally impaired and also was beginning to show signs of
dementia.  Tr. 346-47.  Dr. Blanchard stated Plaintiff had four
or more episodes of decompensation "over the course of a year."
Tr. 350.  On June 6, 2003, Dr. Blanchard also completed a PRT in
which he stated Plaintiff has marked limitations in activities of

daily living; maintaining social function; and maintaining
persistence, concentration, or pace.  Tr. 350.

In a form provided by Plaintiff's attorney dated June 11,
2003, examining physician Dr. Nilaver concurred with
Dr. Blanchard's assessment that Plaintiff's seizures were the
result of a conversion disorder, which is a subtype of somatoform
disorder.  Tr. 344.  Dr. Nilaver assessed Plaintiff's limitations
on September 27, 2001, and concluded Plaintiff's limitations
based on his seizures were only nonexertional.  Tr. 282.

An ALJ may reject an examining or treating physician's
opinion when it is inconsistent with the opinions of other
treating or examining physicians if the ALJ makes "findings
setting forth specific, legitimate reasons for doing so that are
based on substantial evidence in the record." *Thomas*, 278 F.3d
at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.
1989)).  Moreover, a nonexamining physician's opinion can
constitute substantial evidence if it is supported by other
evidence in the record.  *Morgan*, 169 F.3d at 600.  Thus, the ALJ
may give greater weight to a nonexamining physician's opinion if
he articulates his reasons for doing so.  *See id.* at 600-01.

Dr. Blanchard's opinion as to the severity of Plaintiff's
conversion disorder is not supported by the opinions of
Dr. Burns, an examining physician, or Drs. Hennings, LeBray, and

Kehrli, reviewing physicians.  In fact, none of these doctors found Plaintiff suffered from conversion disorder. Specifically, on October 18, 2001, Dr. Burns, an examining physician, did not find Plaintiff had any disabling psychological limitations, Tr. 238; on March 19, 2002, Dr. Hennings did not find Plaintiff suffered from a somatoform disorder, Tr. 290, 293; on June 21, 2002, Dr. LeBray did not report on the PRT from that Plaintiff suffered from a somatoform disorder, Tr. 314-23; and on June 25, 2002, Dr. Kehrli, a reviewing physician, opined Plaintiff did not have any severe psychological impairments, Tr. 305-13.

The ALJ also gave little weight to the opinion of Dr. Nilaver as to the severity of Plaintiff's conversion disorder on the ground that it is conclusory and that, in fact, Dr. Nilaver's treatment notes do not reflect Plaintiff's seizures are the result of a somatoform disorder.  Tr. 276-82.  As noted, "the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  *Thomas*, 278 F.3d at 957.  The June 11, 2003, form completed by Dr. Nilaver in which he concluded Plaintiff's seizures were the result of a somatoform disorder was prepared by Plaintiff's attorney and required only "yes" or "no" responses, but, as noted, those

responses are not consistent with Dr. Nilaver's treatment notes.
Tr. 344, 276-82.  In addition, on September 27, 2001, Dr. Nilaver
concluded Plaintiff only had nonexertional limitations from his
seizures.  Tr. 282.

In summary, the Court concludes on this record that the ALJ
did not err when he found at Step Two that Plaintiff's conversion
disorder was a not a severe impairment because the ALJ provided
legally sufficient reasons supported by the record for doing so.

**III. Dr. Blanchard.**

Plaintiff contends the ALJ erred when he rejected the
opinion of Dr. Blanchard.  For the reasons set out above, the
Court has found the ALJ did not err when he rejected the opinion
of Dr. Blanchard as to the severity of and limitations arising
from Plaintiff's depression because the ALJ based his conclusion
on the fact that Dr. Blanchard's opinion is conclusory and is
inconsistent with substantial evidence in the record.

In addition, the Court has found the ALJ did not err when he
rejected the opinion of Dr. Blanchard as to the severity of and
limitations arising from Plaintiff's conversion disorder because
the ALJ based his conclusions on the fact that Dr. Blanchard's
opinion is conclusory and is inconsistent with substantial
evidence in the record.

In summary, the Court concludes on this record that the ALJ
did not err when he rejected the opinion of Dr. Blanchard because

the ALJ provided legally sufficient reasons supported by

substantial evidence in the record for doing so.


### CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's

decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 28th day of April, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


22  -  OPINION AND ORDER